IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD WHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-cv-00080-DGK |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS COUNT II OF THE COMPLAINT AND DENYING MOTION TO REMAND

This disability discrimination and retaliation action arises from Defendant Union Pacific Railroad Company's failure to hire Plaintiff Richard White, allegedly due to an injury he incurred while working for a previous employer. Now before the Court are Defendant's motion to dismiss Plaintiff's retaliation claim (Doc. 2) and Plaintiff's motion to remand the case to state court (Doc. 7). Because the retaliation claim is without merit, the Court GRANTS the motion to dismiss and DENIES the motion to remand.

### Background

Plaintiff alleges that he suffered a spinal injury and filed for workers' compensation while in the service of a former employer. He later applied for conductor and engineer positions with Defendant, noting his prior injury in his job applications. Defendant interviewed Plaintiff and informed him that he was conditionally hired pending the results of a fitness examination. Plaintiff passed the exam, but Defendant requested additional information regarding his impairment, which Plaintiff provided. Soon afterward, Defendant notified Plaintiff that he would not be hired due to his injury.

Plaintiff filed a discrimination claim with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission. The MCHR issued him a right-to-sue letter, and he sued Defendant in the Circuit Court of Jackson County, Missouri, alleging two counts: that Defendant failed to hire him due to a disability, in violation of Mo. Rev. Stat. § 213.010 (Count I), and retaliated against him for exercising his workers' compensation rights, in violation of Mo. Rev. Stat. § 287.780 (Count II). Defendant timely removed the case, invoking the Court's diversity jurisdiction,[1] and now moves to dismiss Count II. Plaintiff, meanwhile, moves to remand the proceeding on the ground that his retaliation claim was made non-removable by statute.

**Discussion**

Causes of action that arise under state workers' compensation laws generally may not be removed to federal court. 28 U.S.C. § 1445(c). This includes retaliation claims, such as Plaintiff's, brought pursuant to Mo. Rev. Stat. § 287.780. *Humphrey v. Sequentia*, 58 F.3d 1238, 1246 (8th Cir. 1995). There is an exception, however, when a plaintiff fraudulently pleads an otherwise non-removable claim to avoid federal jurisdiction.[2] *See Great N. Ry. Co. v. Alexander*, 240 U.S. 276, 282 (1918) ("[I]n the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case[.]"); *Farmers' Bank & Tr. Co. of Hardinsburg, Ky., v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 27 (8th Cir. 1928). A claim is fraudulently pleaded if it is "so baseless and colorable[3] as to constitute a

---

[1] Plaintiff is a Missouri citizen. Defendant is incorporated in Delaware, and its principal place of business is in Nebraska. Defendant asserts—and Plaintiff does not dispute—that the case satisfies the amount-in-controversy requirement because Plaintiff seeks back pay, lost benefits, emotional and punitive damages, and equitable relief.

[2] Contrary to Plaintiff's understanding, 28 U.S.C. § 1445(c) does not bear on the Court's subject-matter jurisdiction. *In re Norfolk S. Ry. Co.*, 592 F.3d 907, 911-12 (8th Cir. 2010).

[3] "Colorable," in this sense, means "intended to deceive; counterfeit." Black's Law Dictionary (11th ed. 2019).

fraudulent attempt" to thwart removal. *Farmers' Bank*, 25 F.2d at 29 (discussing claims barred from removal under the predecessor to 28 U.S.C. § 1445(a)); *see also Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 206-08 (5th Cir. 1993) (analogizing the rule to fraudulent joinder)

Plaintiff asserts that Defendant decided not to hire him at least in part because he exercised his workers' compensation rights with a former employer. However, the plain text of Mo. Rev. Stat. § 287.780 squarely precludes this claim. It authorizes an employee punished for pursuing workers' compensation to file suit against "*his or her* employer" (emphasis added). It provides for no cause of action against a prospective employer, as Missouri courts have made clear. *See, e.g.*, *Templemire v. W & M Welding Co.*, 433 S.W.3d 371, 376 (Mo. 2014) (listing a plaintiff's "status as an employee of [the] defendant" as an element of a § 287.280 retaliation claim (internal quotations and citation omitted)); *Lambrich v. Kay*, 507 S.W.3d 66, 80 (Mo. Ct. App. 2016) (same); *see also Minzy v. Union Pac. R. Co.*, No. 4:07-cv-00453-DGK, 2008 WL 11338058, at *7 (W.D. Mo. Aug. 7, 2008) (citing § 287.780 in support of its conclusion that public-policy retaliation claims fail where the defendant never employed the plaintiff). Thus, because Defendant did not hire Plaintiff, it cannot be sued by him under § 287.780.

In arguing otherwise, Plaintiff points to *Hayes v. Show Me Believers, Inc.*, 192 S.W.3d 706, 708 (Mo. 2006), where the Missouri Supreme Court held that § 287.780 permits suits against employers that retaliate against their employees for filing compensation claims against previous employers. But there the defendant had employed the plaintiff, and at no point did the *Hayes* court suggest that § 287.780 allowed employees to sue employers for whom they never worked. *See Dellinger v. Sci. App. Intern. Corp.*, 649 F.3d 226, 227-30 (4th Cir. 2011) (requiring a direct employer-employee relationship under the Fair Labor Standards Act, because terms like

3

"employee" and "employer" do not exist "in a vacuum"). Indeed, it could not have, since the statute does not create a cause of action for such claims.

Plaintiff also contends that a reasonable factfinder could conclude that he was, in fact, Defendant's employee. Yet his complaint contradicts this position by repeatedly asserting that he was not hired. It likewise accuses Defendant of condoning discrimination "instead of employing" him. And although Plaintiff states that Defendant rescinded a conditional employment offer, this does not raise the possibility that the company became his employer. *See Leslie v. Sch. Servs. & Leasing, Inc.*, 947 S.W.2d 97, 100 (Mo. Ct. App. 1997) ("[M]erely contracting for future employment is not enough, by itself, to qualify a claimant as an employee . . . ." (discussing *Ott v. Consolidated Underwriters*, 311 S.W.2d 52, 56-57 (Mo. Ct. App. 1958))). Rather, the employer-employee relationship turns on whether the claimant "worked in the service of the alleged employer and the employer controlled those services." *Champion v. J.B. Hunt. Transp. Inc.*, 6 S.W.3d 924, 928 (Mo. Ct. App. 1999) (citation omitted). Plaintiff pleads no facts that would permit such a finding here. The Court therefore concludes that his § 287.780 retaliation claim is meritless.

## Conclusion

The Court GRANTS Defendant's motion to dismiss (Doc. 2) and DENIES Plaintiff's motion to remand (Doc. 7). Count II of the complaint is hereby DISMISSED.

**IT IS SO ORDERED.**

Date: <u>July 26, 2019</u>              <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT